## SUPREME COURT.

ELIZABETH YOUNG, executrix, &c. respondent agt. JAMES
BLOOMER and others, appellants.

An *order* made at special term, denying a motion to open a judgment and sale of
premises made under a foreclosure of a mortgage, on the ground that the premises
were sold at a grossly inadequate price—no irregularity alleged against the judg-
ment or sale, is not *appealable* to the general term.

*Monroe General Term, September,* 1861.

WELLES, SMITH and JOHNSON, *Justices.*

APPEAL from an order at special term denying a motion
made by James A. Hamilton, one of the defendants, and
others, judgment creditors of said Hamilton, to open the
sale of certain mortgaged premises, which sale had been
made under and in pursuance of a judgment of foreclosure
of a mortgage upon such premises, on the ground that the
judgment was entered for too large an amount, and that
the sale was for a grossly inadequate amount. When the
appeal was moved on,

GEO. F. DANFORTH, *of counsel for the plaintiff, objected
that the order was not appealable.*
M. S. NEWTON, *for the appellants.*

By the court, WELLES, Justice. The only ground for the
appeal is the 5th subdivision of section 149 of the Code of
Procedure, which provides that an appeal may be taken
" when the order is made upon a summary application in
an action after judgment, and affects a substantial right."
As to the first mentioned ground, that the judgment is too
large, most clearly the motion could not reach that ques-
tion. As to the other, that the premises were sold for an
inadequate sum, we are equally clear that the decision of
the special term is final, and that no appeal lies therefrom.

No irregularity is alleged against the judgment or the sale. The principal facts alleged in support of the motion are, that the mortgaged premises were worth more than double the sum for which they were bid off and sold, and the judgment creditors offer, in case the sale is opened, to bid $2000 in addition to what the premises brought at the sale ; and that one of the judgment creditors was advised before the sale, that it was not necessary, in order to protect his rights, that he should attend the sale and bid upon or purchase the property. The application was to the favor of the court at special term, and the whole question was clearly in the discretion of that court. Assuming all the allegations on the part of the appellants to be true, the order did not affect a substantial right, which is indispensable to make it appealable, where the order is made, as in this case, upon a summary application after judgment. The application may have been very meritorious, and have commended itself to the favorable consideration of the court ; yet after all, it was manifestly addressed to its discretion, and the relief asked for was not a matter of right for the appellants to demand.

In the case of *Tallman and others* agt. *Hinman and others*, (10 *How. Pr. R.*, 89,) decided at a general term in this district, Justice STRONG uses the following language : " A party cannot be said to have a right to what a court has a discretion to grant or withhold. The legislature must have intended a substantial right, a fixed, determinate right, independent of the discretion of the court, and of some value. Such a right must exist, and be injuriously affected by an order, to bring a case within the subdivision above given."

The appeal should be dismissed.